■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER L. VANDELINDER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the hearing court erred in determining that his oral and written state-

ments given to the police were voluntarily made. The record supports the court's finding that defendant was given his *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) and voluntarily chose to waive them. Furthermore, the fact that one-half hour elapsed between the time that he was given his *Miranda* warnings and the time he was interrogated by the police does not render the interrogation inherently coercive. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021). The court properly denied defendant's motion for a trial order of dismissal of the counts of sodomy in the first degree and sexual abuse in the first degree because the sworn testimony of the child victim corroborated defendant's admissions *(see,* CPL 60.50; *People v Lipsky,* 57 NY2d 560) and provided legally sufficient evidence to establish the offenses charged *(see,* CPL 290.10 [1]). Finally, defense counsel's attack upon the child victim's credibility opened the door for the prosecutor to elicit testimony on redirect examination clarifying and explaining matters that had been put in issue on cross-examination *(People v Melendez,* 55 NY2d 445).

We have examined defendant's remaining contentions and have found them to be without merit. (Appeal from judgment of Oswego County Court, Auser, J.—sodomy, first degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.