■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. BARITEAU, Appellant. [613 NYS2d 487] —Casey, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), entered July 1, 1992, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and grand larceny in the fourth degree.

After a jury trial, defendant was convicted of burglary in the second degree (three counts) and grand larceny in the fourth degree. Defendant was sentenced to indeterminate prison terms of 4 to 12 years on each of the burglary convictions and a term of 1 to 3 years on the grand larceny conviction, with all sentences to run consecutively to each other, for a total of 13 to 39 years. The sentences imposed were also directed to run consecutively to a prison sentence of 2 to 6 years imposed upon a conviction in Rensselaer County Court on July 1, 1992.

The charges against defendant were contained in a 16-count indictment. Defendant complains on this appeal primarily because his trial attorney failed to contact him for a 3½-month period, and failed to make timely and appropriate pretrial motions. It is defendant's contention that his attorney wrongfully assumed that he would plead guilty pursuant to a plea bargain and, as a consequence, failed to afford him adequate representation. When his case was called for trial and defendant still refused to enter a plea of guilty, County Court, in an effort to protect defendant's rights, ordered the requisite pretrial hearings and defense counsel's participation therein. Accordingly, *Wade, Mapp* and *Huntley* hearings were held. The only issue seriously contested on this appeal involves the *Huntley* hearing. In that regard, we note that inasmuch as County Court *sua sponte* afforded defendant the requisite hearing, defendant was not prejudiced by his attorney's failure to move in a more timely fashion *(see, People v Carter,* 158 AD2d 851, 852). Furthermore, the statements of

defendant were properly ruled admissible. Defendant was given the full *Miranda* warnings and there is no merit to defendant's claim that the *Miranda* warnings had to be repeated at various times to make the statements admissible. In the circumstances, the initial warnings had not grown stale *(see, People v White,* 138 AD2d 863, 865, *lv denied* 72 NY2d 914) and defendant's statements were knowingly and freely given, as found by County Court.

Nor does the record indicate that defense counsel acted inadequately at trial. Counsel examined and cross-examined witnesses satisfactorily, offered appropriate objections to the introduction of defendant's statements, voiced objections to the introduction of inadmissible evidence, and made motions that resulted in the striking of certain evidence. In these circumstances, the representation provided by defense counsel was meaningful *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Carter, supra,* at 852). We view the failure of defense counsel to introduce proof of defendant's drug dependency as a trial stratagem, rather than ineffective representation. Defendant's attempt to expand this failure to inadequate representation at the sentencing phase is likewise untenable. This claim is without foundation in the record and is, therefore, precluded from review on this appeal.

Absent any evidence of an irreconcilable conflict, we reject defendant's claim that County Court erred in denying his request for new counsel *(cf., People v Sides,* 75 NY2d 822). In view of defendant's extensive record and history of law breaking, we cannot conclude that the sentence imposed was an abuse of County Court's discretion *(see, People v Davis,* 92 AD2d 177, *affd* 61 NY2d 202). The sentence, while severe, appears to have been merited and it is less than the allowable maximum. Accordingly, the judgment should in all respects be affirmed.

Mercure, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.