■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD A. JOHNSON, Appellant. [631 NYS2d 454] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 15, 1994, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree.

In March 1993, defendant and a friend compelled the 17-year-old victim to have sexual intercourse with them. On April 20, 1993, defendant was notified by the police that the victim had filed a criminal complaint. Upon request of the police, defendant voluntarily appeared at the police station on that date, where he was taken into an interview room and given his Miranda warnings (see, Miranda v Arizona, 384 US 436). Defen-

dant then gave the police a statement admitting that he had engaged in sexual intercourse with the victim on the night in question but denying that it was nonconsensual.

Defendant was then advised of the penalties for perjury. Approximately 20 minutes after he finished giving his first statement, defendant voluntarily gave a second statement to the police, this time, admitting that both he and his friend had forcibly raped the victim.

Defendant was arrested and later indicted on charges of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. A suppression hearing resulted in a ruling that defendant's statements to the police were admissible. Defendant thereafter pleaded guilty to all three charges in exchange for receiving concurrent prison sentences totaling not less than 3 nor more than 9 years. Defendant appeals.

Defendant contends that his second statement to the police should have been suppressed on the ground that the police failed to repeat the *Miranda* warnings between the time he concluded his first statement and the time he commenced his second statement. This contention is without merit. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Glinsman*, 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *accord, People v Vandelinder*, 163 AD2d 811, 812, *lv denied* 77 NY2d 883). We find nothing in the record which would cause us to depart from this holding (*see, People v Bariteau*, 205 AD2d 880, 881, *lv denied* 84 NY2d 932).

We further reject defendant's contention that the sentence imposed upon him was harsh and excessive. Defendant, represented by counsel, knowingly and voluntarily pleaded guilty and was fully aware of the sentence that he would receive in return. We find no extraordinary circumstances here that would warrant a reduction in sentence (*see, People v Legg*, 209 AD2d 884, *lv denied* 85 NY2d 864).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.