■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TORRES, Appellant. — Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered October 27, 1981, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree. ¶ On December 6, 1980, at the Coxsackie Correctional Facility, defendant, along with other Hispanic inmates, had an oral confrontation with a group of black inmates. Later in the day, defendant and inmate Lonnie Brown, a black, had an argument in the prison yard which culminated in defendant stabbing Brown. Defendant was indicted and subsequently convicted of the crimes of assault in the second degree and promoting prison contraband in the first degree. Defendant was sentenced to concurrent terms of imprisonment with a maximum of six years and a minimum of three years, said sentences to be served consecutive to the sentence defendant was then serving. ¶ On this appeal, defendant contends that the trial court committed reversible error by denying his motion, after the jury was sworn and before the prosecutor's opening address, for delivery to him of the record of judgment of conviction of inmate Brown, the victim. ¶ Section 240.45 (subd 1) of the CPL provides that, "After the jury has been sworn and before the prosecutor's opening address * * * the prosecutor shall * * * make available to the defendant * * * (b) A record of judgment of conviction of a witness the people intend to call at trial if the record of conviction is known by the prosecutor to exist". Here, the record clearly shows that the victim-witness had a lengthy criminal conviction record, that the trial court had been provided with such record by the New York State Department of Correctional Services, and that the prosecutor was aware that the trial court had reviewed the record *in camera*. Under these circumstances, it was clearly error to deny defendant's timely motion. Since the victim was the People's principal witness, it was important that defendant be afforded a full opportunity to cross-examine such witness in order to inform the jury "who and what [he] was" (*People v Ocasio*, 47 NY2d 55, 60). ¶ However, despite this error, defendant's cross-examination of the victim-witness elicited most, if not all, of the information concerning the witness's prior criminal history that would have been available if the conviction record had been turned over. The witness admitted that he was in jail for robbery, that he had robbed people in the past, including elderly men and women and that he didn't keep count of all the crimes he had committed. These candid admissions, when juxtaposed to the trial testimony of the correction officers who witnessed the stabbing, render the error of failing to turn over the victim's conviction record harmless (see CPL 470.05; *People v Crimmins*, 36 NY2d 230, 243). ¶ Next, we reject defendant's contention that the trial court wrongfully limited his proof on the defense of justification. The court allowed defendant considerable latitude in offering proof of defendant's interaction with the victim and properly excluded proffered evidence that defendant, as a Hispanic, was fearful of attack by any number of black inmates in the prison. General conditions within a prison are insufficient to authorize justification as a defense for an assault (cf. *People v Brown*, 68 AD2d 503). ¶ Lastly, we find no merit in defendant's contention that he was denied a fair trial because the three correction officers who testified were interviewed before trial by the prosecutor's office in the presence of each other. Cross-examination of these witnesses by defendant clearly indicated that they were interviewed individually. Further, since defendant did not except to the testimony of the officers on

grounds of prejudice, error, if any, was not preserved for review (*People v Graham,* 67 AD2d 172, 178). ¶ Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.