■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WELCH, Appellant.—Judgment unanimously affirmed. Memorandum: The failure of the prosecutor to inform defense counsel of the criminal record of a prosecution witness does not warrant reversal because the error was harmless *(see, People v Miles,* 115 AD2d 964, *lv denied* 67 NY2d 763; *People v Torres,* 103 AD2d 972). The proof of defendant's guilt was overwhelming and there was no significant probability that the verdict would have been different if the jury had been made aware of the witness's prior conviction *(see, People v Crimmins,* 36 NY2d 230).

The sentence of 25 years to life for this brutal murder is not harsh and excessive. (Appeal from judgment of Oswego County Court, Hurlbutt, J.—murder, second degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO MARTES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's contention that his guilty plea to the lesser crime of criminal possession of a controlled substance was not voluntarily and knowingly made because of his unfamiliarity with the English language is without merit in view of the fact that the plea minutes indicate that an interpreter was present and assisted defendant throughout the entire proceeding *(see, People v Quezada,* 145 AD2d 950, 951; *People v Herrera,* 107 AD2d 1040). The record establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered *(see, People v Francis,* 38 NY2d 150; *People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067). (Appeal from judgment of Onondaga County Court, Burke, J.—criminal possession of controlled substance, second degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.