■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. REESE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 18, 1988, upon a verdict convicting defendant of two counts of the crime of murder in the second degree.

Defendant's convictions of intentional and felony murder arise out of an incident which occurred in the apartment of Gerald Trottier. At trial, defendant testified that Trottier had made a homosexual proposition and threatened to kill defendant with a butcher knife if defendant did not respond to his

advances. Defendant stated that he punched Trottier, knocking him down, and that when the knife fell, he picked it up and stabbed Trottier. Defendant was sentenced to an indeterminate prison term of 25 years to life and this appeal followed.

Defendant first claims that County Court erred in excluding evidence of (1) homosexual acts between Trottier and a prosecution witness, and (2) a conversation between Trottier and his apartment mate, offered to show Trottier's state of mind. We disagree. "Given the considerable body of law recognizing the trial court's discretionary power to control the case before it" *(Feldsberg v Nitschke,* 49 NY2d 636, 644), particularly in determining issues of relevancy *(Bikowicz v Sterling Drug,* 161 AD2d 982, 986), we find the evidentiary rulings an appropriate exercise of County Court's discretion.

Equally meritless is the contention that County Court erred when it failed to instruct the jury that the use of deadly force against attempted forcible sodomy is a ground for the defense of justification *(see,* Penal Law § 35.15 [2] [b]). County Court, in instructing the jury on the issue of justification, stated that a person may use "deadly physical force" when "he reasonably believes that another person is using or is about to use deadly physical force against him and * * * he reasonably believes that his defensive use of such deadly physical force is necessary to prevent serious physical injury or death to himself". First, the issue has not been preserved for our review as defendant did not request such a charge at trial or except to County Court's failure to so charge *(see,* CPL 470.05 [2]; *People v Holzer,* 52 NY2d 947; *People v Fisher,* 136 AD2d 729). Moreover, no reasonable view of the evidence supports a defense of justification. Rather, defendant's testimony demonstrates that Trottier was knocked down and was unarmed and reaching for the knife when defendant picked it up and stabbed him. Defendant's version of the events, even if accepted as true, would not account for the severity and multitude of fatal wounds inflicted. Notably, the pathologist testified that Trottier had been stomped, his throat slashed and stabbed three times in the chest while he was down on the floor. It is our view of the evidence that defendant had the ability to withdraw and retreat from the encounter but instead chose to employ more than necessary force to allegedly defend himself. Given these facts, the defense of justification was not available to defendant as a matter of law *(see, People v Mungin,* 106 AD2d 519). We conclude, therefore, that defendant was benefited, not harmed, by County Court's charge on

the issue of justification *(see, supra; cf., People v Coleman,* 122 AD2d 568).

We have reviewed the other arguments raised by defendant and find them to be without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.