■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. BARRETT, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered January 12, 1990, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

The facts and circumstances resulting in the charges

against defendant are set forth in a decision of this court when this was before us on a prior occasion wherein we reversed the judgment of conviction and ordered a new trial because of the lack of effective assistance of counsel *(People v Barret,* 145 AD2d 842).

On this appeal, defendant raises two issues seeking reversal of his conviction. First, he contends that County Court erred in denying a *Wade* hearing and in permitting, over objection, the identification testimony of a State Police officer where notice of a prior identification by that officer had not been provided by the prosecution as required by CPL 710.30. Defendant also argues that his due process rights were violated by the prosecution's failure, after demand, to disclose the grant of immunity to its informant witness.

Defendant's contentions must be rejected. State Police Investigator James Goblet testified, as he did at the first trial, that he observed defendant entering the dwelling where the sale of the cocaine allegedly took place. Moreover, he made a positive in-court identification of defendant based upon that observation. The previous observation of a photograph of defendant was made after defendant's arrest, and there is no showing that this observation in any way tainted the subsequent in-court identification. Under the circumstances, Goblet's viewing of the photograph should be construed as a confirmatory observation for which no notice is required *(see, People v Connor,* 137 AD2d 701, *lv denied* 71 NY2d 967; *People v Carolina,* 112 AD2d 244). Moreover, Goblet made the same identification at the time of the prior trial, the circumstances of which were fully known to defendant's trial and appellate counsel *(see, People v White,* 73 NY2d 468, *cert denied* — US —, 110 S Ct 170; *People v Carolina, supra).*

For similar reasons, we also reject defendant's argument that he was denied a fair trial because of the prosecution's failure to disclose the grant of immunity to its informant witness. Defendant was fully aware that the informant, Adrian Fordrung, had testified at the first trial, on which occasion defendant had been furnished with a copy of the witness's Grand Jury testimony *(see,* CPL 240.45). The testimony demonstrated that the witness did not execute a waiver of immunity, answered responsively to all questions and, thus, received automatic immunity *(see,* CPL 190.40 [2]). Moreover, it was abundantly clear to the jury that the prosecution had agreed not to prosecute Fordrung for his prior criminal acts which were disclosed during an extensive and searching cross-examination by defense counsel. Thus, unlike *People v Novoa*

(70 NY2d 490) and *People v Cwikla* (46 NY2d 434), at all relevant times herein defense counsel was aware that Ford-rung would not be prosecuted in exchange for his testimony at trial, an "understanding" that was thereafter disclosed to the jury to assist them in assessing the witness's credibility *(see, People v Novoa, supra,* at 497).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.