(April 18, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. FIACCO, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr.,

J.), rendered June 22, 1988, which resentenced defendant following his conviction of the crimes of assault in the second degree and criminal mischief in the fourth degree.

In the evening of December 2, 1985, defendant was operating an automobile suspected of being involved in a hit and run accident in the City of Rensselaer, Rensselaer County. A police officer, who had been flagged down by a witness, approached defendant's car and spoke to defendant. An altercation ensued, as the result of which defendant was arrested and subsequently indicted for assault in the second degree (two counts), criminal mischief in the third degree, criminal mischief in the fourth degree, resisting arrest and disorderly conduct. Defendant was convicted, after trial, of one count of assault in the second degree, criminal mischief in the fourth degree and resisting arrest. County Court dismissed the resisting arrest conviction on defendant's postconviction motion and sentenced defendant to 3½ to 7 years in prison on the assault conviction, said sentence to run concurrently with a term of one year imposed on the criminal mischief conviction.

During the course of the trial defense counsel had occasion to subpoena records from the Rensselaer Police Department. While reviewing those records counsel discovered three statements which, concededly, constituted *Rosario* material and which had not been provided to him pursuant to CPL 240.45 (1) (a). Defendant moved to dismiss the indictment, which motion was denied. Defendant argues that since the prosecution never provided him with the *Rosario* material, the indictment should have been dismissed. We disagree.

If defendant had never received the subject material, the remedy would have been a new trial preceded by disclosure of the statements *(People v Novoa,* 70 NY2d 490). That being the case, it seems specious to suggest that where defendant received the statements, albeit not from the prosecution, the indictment should have been dismissed. The relevant inquiry here is whether the delay in obtaining the statements substantially prejudiced defendant *(see, People v Ranghelle,* 69 NY2d 56, 63). We hold that it did not. At the time defense counsel discovered the statements in question, the witness who had generated them had been subjected to cross-examination and was to return to the stand following the weekend recess, which he did. Defense counsel had ample time to review the materials and utilize them in any way he saw fit. There is no claim of prejudice, substantial or otherwise, by reason of the delay here involved, and a review of the record does not disclose any.

Defendant's next contention is that the count of the indictment charging him with assault in the second degree should be dismissed as duplicitous. Defendant failed to raise this issue at trial, however, and is thereby precluded from raising it on appeal (see, People v Iannone, 45 NY2d 589, 600; People v Caban, 129 AD2d 721, lv denied 70 NY2d 644).

Finally, defendant contends that County Court committed reversible error when it failed to charge justification as a defense. We disagree. According to the testimony of the prosecution witnesses, defendant violently resisted arrest resulting in injuries to himself as well as the officers, which resulted in the assault charge for which he was convicted. Defendant's wife, who was an eyewitness to the incident, portrayed an entirely different scenario. According to her, defendant was the victim of an unprovoked police attack and did nothing to cause injury to himself or the police. Under these circumstances, County Court was correct in refusing to charge justification as a defense since no reasonable view of the evidence would justify such a charge (see, People v Blim, 63 NY2d 718; People v Reese, 167 AD2d 761).

As to defendant's other arguments, they have been examined and found lacking in merit. The judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.