■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK A. JONES, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 11, 1988, by which defendant was convicted, after a jury trial, of attempted second degree murder and sentenced to a term of from 8⅓ years to 25 years in prison, unanimously affirmed.

The defendant was known to the victim for over a year prior to the crime. At that time they had a brief social encounter. Thereafter, defendant became obsessed with the victim and harassed her to a point where she left New York City for a time. Shortly after she returned to New York City, the defendant attacked her with a metal weight, causing head

injuries, requiring stitches, as well as severe injuries to her hands, sustained as she attempted to block defendant's blows.

Testimony was adduced at trial that the victim decided to stop seeing the defendant after he uttered certain anti-semitic remarks. The court at a sidebar discussion offered to give a curative instruction, but defense counsel declined and moved for a mistrial instead. While a curative instruction would have helped insure that the jury did not draw any improper inferences from the remark, the defense counsel's objection to such an instruction dissuaded the court from giving one. In view of that objection, the failure to grant a mistrial or give the instruction cannot now be a ground for upsetting the conviction *(People v Davis,* 61 NY2d 202, 207, *rearg denied* 62 NY2d 803).

The complainant's testimony concerning prior attacks upon her by the defendant did not constitute inadmissible evidence of prior uncharged crimes. Defendant's trial strategy was to attempt to impeach and contradict the complainant's testimony in order to show that she was fabricating the allegations of harassment in order to frame the defendant. Thus defendant's argument on appeal in this respect is without merit. *(See, People v Littlejohn,* 72 AD2d 515.) The testimony was clearly admissible to demonstrate both the defendant's motive and scheme or plan to harass and injure the complainant as well as for the purpose of completing the witness's narrative in order to enhance the jury's understanding of the crime. *(People v Powell,* 157 AD2d 524, *lv denied* 75 NY2d 923.)

The prosecutor's remark, on summation, that the victim's testimony alone would be overwhelming evidence of guilt did not constitute improper vouching. Moreover, the prosecution's statement to the jury that they should re-enact portions of the crime is not a ground for reversal as there was no evidence of juror misconduct. *(See, People v Harris,* 84 AD2d 63, 105, *affd* 57 NY2d 335, *cert denied* 460 US 1047.)

The remaining arguments, including those raised by the defendant in his two supplemental *pro se* briefs, have been reviewed and found to be without merit. Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.