■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. WOLF, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Mugglin, J.), rendered December 7, 1987 in Delaware County, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts) and robbery in the second degree, and (2) by permission, from an order of said court, entered December 9, 1990 in Delaware County, which denied defendant's motion to vacate the judgment of conviction, without a hearing.

These appeals stem from defendant's conviction for the brutal 1986 murder and robbery of Benjamin Reynolds and Beverly Kilmer in their home in the Town of Walton, Delaware County. A State Police investigation conducted at that time produced a fingerprint and bootprint belonging to John Spencer and further investigation led to both Spencer and Charles "Bud" Shepherd as suspects. Shepherd eventually told the police that he, Spencer and defendant were responsible for the murders. Defendant was subsequently arrested and brought to trial.

The jury found defendant guilty of two counts of second degree (felony) murder, two counts of first degree robbery and one count of second degree robbery. Defendant was sentenced to two consecutive terms of 25 years to life imprisonment for the murder convictions, 12½ to 25 years' imprisonment for each of the second degree robbery convictions and 5 to 15

years' imprisonment for the second degree robbery conviction. Thereafter, defendant moved to set aside the judgment pursuant to CPL 440.10 on the ground that the People failed to disclose a pending charge of driving while intoxicated against a prosecution witness at the time of his statement and the trial. Supreme Court denied the motion and these appeals followed.

We affirm. Defendant's lengthy list of claimed errors are either meritless or of insufficient gravity to warrant any disturbance of his conviction and sentence. Defendant initially claims that prosecution comments on summation violated his 5th Amendment rights. Specifically, during closing argument, the prosecutor stated to the jury that "the only direct evidence comes from the three people who were there and Bud Shepherd testified. Now, as Bud Shepherd", whereupon defense counsel objected. Although Supreme Court overruled the objection, it did charge the jury that the fact that defendant "did not testify is not a factor in which any inference unfavorable to the defendant may be drawn".

An improper reference on summation to defendant's failure to testify does not necessarily constitute reversible error in every instance *(People v Portanova,* 56 AD2d 265, 274; *see, People v Crimmins,* 36 NY2d 230, 237). "[W]here the rights of the defendant are safeguarded by the charge of the trial court and where the evidence of guilt is overwhelming, the error, if any, is deemed harmless" *(People v Portanova, supra,* at 274). Here, the comment may be seen, at best, as a remote reference to defendant's failure to testify and Supreme Court did properly charge the jury to disregard any negative inferences drawn therefrom *(see, People v Patterson,* 83 AD2d 691, 692). Given the jury charge, and in light of what we find to be overwhelming evidence of defendant's guilt, the prosecution's comment on summation was harmless error *(see, People v Crimmins, supra).*

Defendant next contends in his brief that Supreme Court erred in denying his CPL 440.10 motion to vacate the judgment. It is defendant's claim that the People's failure to inform him of a pending driving while intoxicated charge against a prosecution witness requires reversal. We initially note our disagreement with defendant's contention that the pending charge constituted *Rosario* material, inasmuch as the *Rosario* rule applies to prior *statements* made by prosecution witnesses *(see, People v Ranghelle,* 69 NY2d 56, 62-63; *People v Poole,* 48 NY2d 144, 149). In our view, given what we find to be a lack of any reasonable possibility that the alleged failure

of the People to inform defendant of nonexculpating information contributed to the verdict, such unintentional failure does not require reversal in this instance (see, *People v Vilardi,* 76 NY2d 67, 77-78).

We turn now briefly to defendant's contention that Supreme Court erred in failing to address his alleged overmedication with psychoactive drugs. Defendant claims that he was not taking any medication at the time of his arrest but that subsequent to his arraignment, he had been given daily doses of several drugs to treat a psychiatric/psychotic disorder originally stemming from time served with the Armed Forces in Vietnam. Two psychiatrists were designated to evaluate defendant and, based on their determinations as well as defendant's own psychiatrist, Supreme Court found him fit to stand trial. Where the evidence demonstrates that a defendant is able to rationally consult with his counsel and has a rational and factual understanding of the proceedings undertaken against him, he is fit to stand trial (see, *People v Morton,* 173 AD2d 1081; see also, *Dusky v United States,* 362 US 402). Here, defendant's own doctor stated that he was oriented as to time and place, understood the trial process and was capable of remembering. Despite the alleged difficulties encountered in preparing a defense, the record more than supports Supreme Court's finding that the People met their burden of establishing defendant's competency by a preponderance of the evidence (see, *People v Orama,* 150 AD2d 505, 506, *lv denied* 74 NY2d 744; *People v Allen,* 135 AD2d 823).

We likewise summarily reject defendant's argument that Supreme Court erroneously denied his juror challenges for cause. CPL 270.20 (1) (b) provides that a challenge for cause may be made on the ground that a prospective juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict" and a trial court's findings in regard thereto should be set aside only in the face of manifest error (*People v Smyers,* 167 AD2d 773, *lv denied* 77 NY2d 967). After a careful reading of the voir dire minutes, we conclude that none of the jurors selected had any preconceived notions concerning defendant's guilt, nor were they in any way prejudiced against him (see, *People v Johnson,* 113 AD2d 900, 901, *lv denied* 67 NY2d 652) by newspaper articles (see, *People v Taylor,* 97 AD2d 983) or previous encounters or exposure to the prosecution or the victims (see, *People v Provenzano,* 50 NY2d 420).

We have examined defendant's remaining arguments and

find them meritless, including defendant's claim that his sentence is excessive.

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment and order are affirmed.