■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS CLARK, Appellant. [598 NYS2d 847] —Harvey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered August 30, 1990, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

As a result of an investigation conducted by the City of Albany Police Department into illicit drug trafficking in Albany, defendant, along with codefendant Joseph Walker, was arrested for selling cocaine to two police informants, Jeffery Everett and Leroy Adkins, on two different occasions (Mar. 30, 1989 and Apr. 7, 1989) at a tavern. The purchases from defendant were "controlled buys" during which police detectives monitored and taped the conversations among defendant, Walker, Adkins and Everett. Everett and Adkins, both Albany residents, had agreed to cooperate with the Albany police force in its investigation in exchange for favorable treatment after they had been previously arrested in New Jersey and charged with possession of cocaine. Defendant was ultimately indicted and charged with two counts of criminal sale of a controlled substance in the third degree. At the subsequent jury trial, defendant presented the defense of misidentification. Nevertheless, defendant was convicted of both counts in the indictment[1] and was sentenced to two concurrent prison terms of 8⅓ to 25 years. This appeal by defendant followed.

Initially, we reject defendant's contention that his convictions should be reversed on the ground that the People failed to comply with the mandates of CPL 240.45 and *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) in responding to his discovery requests. Regarding the issue of the obligation of the People to turn over to the defense the criminal records of the People's witnesses, we note first that the *Rosario* rule is inapplicable here. The *Rosario* rule applies only to prior *statements* of a witness for the People, not to a witness's criminal record *(see, People v Rosario, supra; People v Wolf,* 176 AD2d 1070, 1071, *lv denied* 79 NY2d 1009). Nevertheless, CPL 240.45 (1) (b) and (c) require the People to disclose, prior to the People's opening statement, a record of the judgments of conviction of a prosecution witness, as well as the existence of any pending criminal action against a prosecution witness,

---

1. Walker was acquitted of both counts.

provided that the People knew of such conviction or pending action *(see,* CPL 240.45 [1] [a], [b]; *People v Torres,* 103 AD2d 972).

Here, defendant initially moved, after opening statements and before the first witness testified, for production of records of the judgments of convictions of the People's witnesses. In response to a direction from County Court, the People provided defendant with the criminal history reports of Adkins and Everett, the only two prosecution witnesses with criminal histories. Nevertheless, defendant objects to the fact that the People failed to produce the actual certificates of convictions of Adkins and Everett. Despite this technical violation of CPL 240.45, we find that defendant's conviction should not be reversed. As noted, defendant was fully apprised of the prior criminal histories of these witnesses, including any pending matters,[2] and both defendant and Walker were able to use this information during cross-examination of Adkins and Everett *(see, People v Wolf, supra,* at 1071-1072; *People v Welch,* 154 AD2d 946; *see also, People v Torres, supra).* As a result, no demonstrable prejudice accrued to defendant because of the People's oversight. Therefore, reversal is not necessary.

Defendant's remaining challenges to the People's production of evidence and information for the defense have also been examined and have been found to be unpersuasive. While it is true that the People admitted at trial that certain notes prepared by an Assistant District Attorney concerning a May 1990 meeting about the subject crimes, that was also attended by Everett, Adkins and two Albany police detectives, were either lost or destroyed, reversal on this ground is unwarranted because defendant was provided with "duplicative equivalents" of the notes *(People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *see, People v Payne,* 52 NY2d 743; *People v Dawson,* 164 AD2d 832, *lv denied* 76 NY2d 985). Additionally, although it is true that the People were untimely in complying with *Rosario* and CPL 240.45 (1) (a) by not providing defendant with the original scratch copies of buy sheets prepared by one of the investigating officers during the two "controlled buys" until during the course of trial, we find that this violation was a mere delay in disclosure and

---

2. We note that although some of the criminal histories of these witnesses involved adjournments in contemplation of dismissal, these dispositions are not convictions as argued by defendant but instead are considered pending charges to be disclosed pursuant to CPL 240.45 (1) (c) *(see, People v Benjamin,* 147 Misc 2d 617, 618-620). Accordingly, the People complied with their obligation by informing defendant of these dispositions.

therefore defendant must show substantial prejudice before reversal is warranted (see, People v Martinez, 71 NY2d 937, 940; People v Fiacco, 172 AD2d 994, 995, lv denied 78 NY2d 965). Defendant cannot meet this standard, however, because he was timely provided with rewritten versions of the buy sheets, as well as copies of the tapes themselves. Moreover, defendant was able to effectively use the original "scratch" buy sheet during his voir dire and cross-examination of the officer that prepared them (see, People v Fiacco, supra). Accordingly, we do not find evidence of substantial prejudice justifying reversal.

Next, we conclude that the People did not improperly fail to turn over material exculpatory evidence to the defense in violation of Brady v Maryland (373 US 83). Contrary to defendant's contentions on appeal, the record demonstrates that, during the People's direct examination of Adkins and Everett, the arrangement reached among Adkins, Everett, the Albany Police Department and New Jersey authorities that allowed for a favorable disposition of the New Jersey charges in exchange for the witnesses' cooperation (see, People v Novoa, 70 NY2d 490, 496, 498; People v Buchanon, 176 AD2d 1001, 1003) was fully disclosed both to defendant and the jury, and defendant's cross-examination of these witnesses reflected this knowledge (see, People v Barrett, 168 AD2d 800, 801, lv denied 77 NY2d 903).

The remaining issues raised by defendant have been examined and found to be unavailing. Assuming, arguendo, that County Court impermissibly allowed evidence of uncharged crimes to be admitted by allowing testimony that defendant removed a number of small packages of cocaine from his pocket when Adkins and Everett purchased cocaine from defendant, we conclude that any error was harmless. The challenged testimony was extremely limited and County Court directed the prosecution not to refer to this testimony during summation. Defendant also rejected County Court's offer to give a curative or limiting instruction to the jury (see, People v Jones, 173 AD2d 331, 332, lv denied 78 NY2d 1012). Accordingly, defendant has not shown sufficient prejudice to warrant reversal.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.