■ The People of the State of New York, Respondent, v Jose Hernandez, Appellant. [619 NYS2d 826] —White, J. Appeal from a judgment of the County Court of Clinton County (Aison, J.), rendered August 30, 1993, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

Defendant was indicted on the aforesaid three charges which arose out of a stabbing incident at Clinton Correctional Facility in Clinton County. As a result of his conviction of all three crimes, defendant moved, pursuant to CPL 330.30, to set aside the verdict on the ground that, *inter alia,* the People

failed to disclose the fact that its main witness, Correction Officer Patrick O'Connor, had been arrested twice for driving while intoxicated, with one conviction and one charge pending at the time of trial. County Court denied the motion and defendant argues that this was a failure to disclose *Rosario* material which requires reversal of his convictions. While there is no question that the People must provide all pretrial statements of their witnesses to the defense and that a failure to do so cannot be considered inadvertent or harmless *(see, People v Novoa,* 70 NY2d 490; *People v Ranghelle,* 69 NY2d 56), the *Rosario* rule does not apply here since neither a conviction nor a pending criminal action are considered *Rosario* material *(see,* CPL 240.45 [1] [b], [c]; *People v Clark,* 194 AD2d 868, *lv denied* 82 NY2d 752). Further, it was established that the People had no knowledge of either charge and thus the failure to provide this nonexculpatory information does not require reversal *(see, People v Wolf,* 176 AD2d 1070, *lv denied* 79 NY2d 1009; *People v Welch,* 154 AD2d 946). In addition, defendant has not shown a reasonable probability that the result of the trial would have been different had this information been disclosed *(see, People v Chin,* 67 NY2d 22).

At sentencing defendant argued that he was not properly represented during the trial and that effective representation would have resulted in his acquittal. We disagree. It is a long-standing rule that in reviewing any claim of ineffective assistance of counsel, care should be taken to avoid confusing true ineffectiveness with losing tactics and according undue analysis to retrospectiveness *(see, People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137). The constitutional requirement of effective assistance of counsel is satisfied when the evidence, the law and the circumstances of the case, viewed in its entirety at the time of the representation, disclose that the attorney provided meaningful representation *(see, People v Satterfield,* 66 NY2d 796). In the instant case defense counsel was prepared, made appropriate pretrial motions, effectively cross-examined the People's witnesses and otherwise ably represented his client. We thus find that County Court did not err in proceeding with the sentencing since defendant was not deprived of effective assistance of counsel *(see, People v Bariteau,* 205 AD2d 880; *People v Hope,* 190 AD2d 958, *lv denied* 81 NY2d 972; *People v Jackson,* 172 AD2d 874, *lv denied* 78 NY2d 923). We also note that defendant's claim was based primarily on matters outside the record and thus was not properly made pursuant to CPL 330.30 (1) *(see, People v Knox,* 134 AD2d 704, *lv denied* 70 NY2d 1007).

Defendant also argues that he was denied his right to testify before the Grand Jury. However, since defendant was not being held pending a felony complaint, the People had no obligation to advise him of the Grand Jury proceeding *(see,* CPL 190.50 [5] [a]; *People v Grey,* 150 AD2d 823, *lv denied* 74 NY2d 810). Also, there is nothing in the record indicating that the presentation of this case to. the Grand Jury was done in a manner to deprive defendant of his rights.

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.