■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HENDRIX, JR., Appellant. [652 NYS2d 127] —Casey, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 17, 1995, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

Following his conviction of two sex crimes, defendant was sentenced as a second felony offender to concurrent terms of imprisonment of $6^1/_2$ to 13 years and $3^1/_2$ to 7 years. Defendant appeals from the judgment based on several claimed errors which are either meritless or of insufficient gravity to warrant disturbance of his conviction and sentence.

The underlying factual pattern reveals that defendant, himself a college student at the time, met the victim, a female student residing in the same college dormitory, at an off-campus party. Following the party, defendant entered the victim's dormitory room and, while she was sleeping and unable to resist, committed the sexual acts of which he was convicted. Defendant testified that the sexual acts were consensual and the direct result of a "passionate moment" that happened in the privacy of a back bedroom of the apartment where the party was held. Defendant claims that he and the victim engaged in a passionate kiss at this time and "reconnected" later that night in her dormitory room for the consensual sexual activity, after which he gave the victim a good night kiss when she told him it was time for him to leave. The victim, on the other hand, denied ever leaving the party to go to a back bedroom with defendant and denied that any encounter in a back bedroom ever happened. After defendant rested, the prosecution called the victim's roommate, who corroborated the victim's denial that she had ever left the party to go to a back bedroom. In the course of her testimony and for the purpose of explaining why she did not return to the dormitory room she shared with the victim, the roommate told the jury that she did not drive after she had been drinking.

Defendant contends that the prosecution was charged with the knowledge that at the time she made this statement, the roommate had a charge of driving while intoxicated pending against her in the office of the same prosecutor and that the prosecutor violated CPL 240.45 in failing to inform the defense of such pending charge (CPL 240.45 [1] [c]). When this same issue was raised by defendant on his postconviction motion, County Court ruled that the notice provisions of CPL 240.45

did not apply to rebuttal witnesses, such as the roommate, and applied only to witnesses called in the People's case-in-chief. County Court further stated that if any unfairness resulted from this interpretation of the statute, the remedy was with the Legislature. We find this holding proper and logical. Disclosure prior to the prosecutor's opening, as required by the statute, would not be possible in the case of rebuttal witnesses, for at that time the prosecution could not know who it would need to call in rebuttal (*see, People v Garner*, 190 AD2d 1041, 1042, *lv denied* 81 NY2d 885).

Furthermore, pending charges against a prosecution witness do not constitute *Rosario* material (*see, People v Hernandez*, 210 AD2d 535, 536, *lv denied* 84 NY2d 1032). The nondisclosure here was not intentional and reversal is not required for nondisclosure of pending charges against a witness where, as here, there is no reasonable possibility that the People's failure to disclose contributed to the verdict (*see, People v Wolf*, 176 AD2d 1070, 1071-1072, *lv denied* 79 NY2d 1009; *see also, People v Vilardi*, 76 NY2d 67, 77-78). At most, the nondisclosed charge could only have been used to impeach the credibility of the roommate and should not, therefore, be considered material (*see, People v Vilardi, supra*), for the omission would not create a reasonable doubt which did not otherwise exist (*see, People v Smith*, 63 NY2d 41, 67, *cert denied* 469 US 1227).

Defendant's next claim of error is that he was not permitted to present evidence through the testimony of his girlfriend as to the size and girth of his penis, as well as his personal dimensions of 6 feet 4inches in height and 290 pounds. We deem the ruling of County Court prohibiting the girlfriend's testimony to be correct. The measurements of defendant's penis are irrelevant and immaterial to the issues in this case, and defendant himself testified to his height and weight and defendant was fully visible to the jury throughout the trial. Accordingly, County Court properly refused to allow the testimony of defendant's girlfriend in this regard.

Nor do we find any merit in defendant's claim of ineffective assistance of counsel. Defendant had pretrial counsel until five days before his trial was scheduled to start. Defendant complains that his pretrial counsel failed to move for dismissal of the charges under CPL 30.30 because the People requested and received an adjournment of trial due to the unavailability of a witness. Defendant contends that this adjournment indicates that the prosecution was not in fact ready for trial when it announced its readiness. Contrary to defendant's claim, the mere fact that an adjournment was granted to the prosecu-

tion due to the unavailability of a witness does not mean that the People were not ready to proceed to trial when its readiness was announced (*see*, *People v Davis*, 197 AD2d 375, *lv denied* 82 NY2d 893). The People announced their readiness in the presence of defense counsel on January 10, 1994, a date well within the statutory six-month period. This state of readiness prevailed throughout the pretrial proceedings. It was defendant who retained trial counsel of his own choice five days before his trial was scheduled to commence and it was defendant who consented to the substitution of counsel and who requested and received County Court's permission for the substitution. We find no merit in defendant's position that the People were not ready for trial until December 5, 1994, the day that the People received the lab results of a blood sample taken from defendant to be used as evidence by the prosecution. The fact that the lab results were not available until after the expiration of the statutory period does not require a finding that the People were not ready to proceed (*see*, *People v Bargerstock*, 192 AD2d 1058, *lv denied* 82 NY2d 751).

Despite the engagement of trial counsel at such late date, which was defendant's choice, we find that trial counsel afforded defendant with meaningful and appropriate representation. Trial counsel spent a day with defendant preparing for trial, viewed the crime scene, effectively cross-examined prosecution's witnesses and prepared an effective summation. Defendant's argument of ineffective assistance of counsel lacks merit.

The judgment of conviction should, therefore, be affirmed in all respects.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.