■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GRAHAM, Appellant. [734 NYS2d 243] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered July 20, 1999, convicting him of reckless endangerment in the first degree (two counts) and criminal mischief in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the testimony of certain prosecution witnesses, the prosecutor supplied defense counsel with a list of the witnesses' criminal convictions, specifying the date of disposition, the county of disposition, the nature of the disposition, and the sentence imposed for each conviction. The prosecutor represented on the record that the list included all the convictions of which he was aware, that he did not know of any pending cases against the witnesses, and that he had not made any agreements with the witnesses in exchange for their testimony against the defendant and his codefendants. The defendant's attorney waived receipt of the witnesses' certificates of conviction. However, he argued that he was entitled to receive copies of the witnesses' "NYSIS" sheets pursuant to CPL 240.45 (1).

Contrary to the defendant's contention, the trial court properly denied the defense counsel's demand for production of the NYSIS sheets. The prosecutor complied with his disclosure obligations under CPL 240.45 (1) (b), (c), and the statute expressly provides that the prosecutor shall not be required to "cause the division of criminal justice services or other law enforcement agency or court to issue a report concerning a witness" (*see, People v Williams,* 251 AD2d 266, 267). In any event, the defendant has not shown that there is a reasonable possibility that the prosecutor's failure to produce these NYSIS sheets contributed to his conviction (*see, People v Pressley,* 91 NY2d 825; *People v Vilardi,* 76 NY2d 67; *People v Clark,* 194 AD2d 868).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.