■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS DAWSON, Appellant. [973 NYS2d 850]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 11, 2009 in Albany County,

upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On March 6, 2009, police officers were dispatched to 521 Lark Drive in the City of Albany in response to a call for a burglar alarm going off. Upon arriving, officer Joel Caldwell noticed that the back door to the residence was open and the door frame was splintered, and called for back up. Detective Scott Gavigan soon responded, and Caldwell and Gavigan proceeded to "clear" the residence. Although no intruders were discovered, Caldwell and Gavigan did observe a .380 caliber semiautomatic pistol in a partially open dresser drawer. Based upon this, the police secured the building and applied for, and were granted, a search warrant. A further search was then conducted, resulting in the seizure of the gun, $8,880 in cash and a quantity of marihuana.

Defendant subsequently was indicted and charged with criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted as charged and thereafter was sentenced, as a second felony offender, to 3½ to 7 years in prison—said sentence to be served concurrently with the sentence imposed upon defendant's subsequent plea of guilty to criminal possession of a controlled substance in the fourth degree. This appeal by defendant ensued.

We affirm. Initially, we reject defendant's claim that the underlying search warrant was not supported by probable cause. Simply put, the warrant application and supporting documentation, which described the contraband found—in plain view—at the scene and established that the dwelling in question was defendant's residence, provided "sufficient information to support a reasonable belief that evidence of a crime may be found [therein]" (*People v Pinkney*, 90 AD3d 1313, 1315 [2011] [internal quotation marks and citations omitted]; *accord People v Vanness*, 106 AD3d 1265, 1266 [2013]). Accordingly, we discern no error in Supreme Court's denial of defendant's suppression motion.

Defendant next asserts that a *Brady* and/or *Rosario* violation occurred when the People failed to disclose that one of their rebuttal witnesses had been convicted of disorderly conduct, thereby warranting reversal of the underlying conviction. We do not agree. CPL 240.45 (1) (b) requires the People to disclose a prosecution witness's judgment of conviction only if "the record of [such] conviction is known by the prosecutor to exist." Here, there is nothing in the record to suggest that the People were aware of the relevant conviction until defense counsel raised this issue during the charge conference and, clearly, the People cannot be faulted for failing to disclose information that they

did not possess (*see People v Carter*, 50 AD3d 1318, 1321 [2008], *lv denied* 10 NY3d 957 [2008]). Moreover, it is well settled that a *Rosario* or *Brady* violation warrants reversal "only where there is a reasonable possibility that the disclosure of such material would have produced a different result at trial" (*People v Phillips*, 55 AD3d 1145, 1149 [2008] [internal quotation marks and citation omitted], *lv denied* 11 NY3d 899 [2008]; *see People v Sheppard*, 107 AD3d 1237, 1241 [2013]; *People v Griffin*, 48 AD3d 894, 895 [2008], *lv denied* 10 NY3d 959 [2008]). In this regard, the record reveals that once this conviction came to light, Supreme Court reopened the proof to afford defense counsel an opportunity to cross-examine the witness on this issue (*see People v Williams*, 50 AD3d 1177, 1179-1180 [2008]; *see also People v Young*, 74 AD3d 1471, 1473 [2010], *lv denied* 15 NY3d 811 [2010]). Under these circumstances, we find that there is no reasonable possibility that the verdict would have been different had the relevant conviction been disclosed in a timely manner (*see People v Sheppard*, 107 AD3d at 1241; *People v Griffin*, 48 AD3d at 896).

Nor are we persuaded that the jury's verdict was against the weight of the evidence. As applied to the matter before us, a person is guilty of criminal possession of a weapon in the third degree when he or she possesses any firearm and previously has been convicted of a crime (*see* Penal Law §§ 265.01 [1]; 265.02 [1]).* Where, as here, the People proceed upon the theory of constructive possession, they bear the burden of "establish[ing] that defendant exercised dominion and control over the [contraband or the] area where the contraband was found" (*People v Buchanan*, 95 AD3d 1433, 1433-1434 [2012] [internal quotation marks and citations omitted]; *see People v Pinkney*, 90 AD3d at 1314).

As to the possession element, defendant's own witnesses established that defendant resided at 521 Lark Drive and that the room where the gun was located was used by defendant as his bedroom. The proof at trial further revealed that, in addition to men's shoes and clothing, a number of items bearing defendant's name and/or likeness were found in the bedroom where the gun was recovered—including defendant's birth certificate, a brown trifold wallet containing defendant's photo identification and Social Security card, photographs of defendant and a pay stub, refund check and traffic summons—all bearing defendant's name (*see People v Buchanan*, 95 AD3d at 1435). Additionally, although one of defendant's friends testified that

---

* Defendant does not dispute that the gun in question was operable, and there is no question that defendant previously was convicted of a crime.

he and defendant found the gun in a local park the night before its discovery by the police and intended to turn the gun in as part of a local buy-back program, the People's rebuttal witnesses established that neither defendant nor his friend contacted either the police or the pastor in charge of the buy-back program to arrange for disposal of the weapon. Hence, despite defendant's protestations to the contrary, we are satisfied that the People met their burden of "disproving, beyond a reasonable doubt, the defense of temporary lawful possession of a weapon" (*People v Rossi*, 99 AD3d 947, 951 [2012], *lv granted* 20 NY3d 1066 [2013])—particularly in view of the fact that the weapon was discovered in a room containing marihuana, a digital scale, small plastic baggies, a newspaper article discussing gang-related shootings in the City of Albany and cash in the amount of $8,880. In short, "while a different verdict would not have been unreasonable, upon viewing the evidence in a neutral light and according appropriate deference to the jury's interpretation thereof," we find that the verdict is not against the weight of the evidence (*People v Toye*, 107 AD3d 1149, 1151 [2013]). Defendant's remaining contentions, including his assertion that the sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.