People v Ross (2018 NY Slip Op 01942)





People v Ross


2018 NY Slip Op 01942


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-08383
 (Ind. No. 1050/15)

[*1]The People of the State of New York, respondent, 
v
Ray Ross, appellant.


Bruce R. Bekritsky, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered June 30, 2016, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention, in effect, that the evidence was legally insufficient to support his convictions because the complainant's testimony was not corroborated is unpreserved for appellate review (see CPL 470.05[2]). In any event, it is without merit. Contrary to the defendant's contention, corroboration of the complainant's sworn testimony was not required under Penal Law §§ 130.16 and 260.11 because the complainant's lack of consent did not result from incapacity to consent due to "mental defect or mental incapacity" (Penal Law §§ 130.16, 260.11; see People v Pumarejo, 222 AD2d 616; see also Penal Law § 60.20). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the record demonstrates that the People fulfilled their discovery obligations under CPL 240.45(1)(b) and (c) by disclosing to the defense any known judgments of conviction or pending criminal actions related to the prosecution's witnesses (see CPL 240.45[1][b], [c]; People v Graham, 289 AD2d 417, 418).
The defendant was not deprived of the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court