THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN P. FORBES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of robbery in the third degree, defendant contends that the evidence was insufficient, that the verdict was against the weight of the evidence, and that the People failed to produce *Brady* material.

We conclude that the testimony of the complaining witness established the essential element of use or threat of force. He testified that, while in the victim's car, defendant had what appeared to be a revolver, cocked the hammer, stuck the gun in the victim's ribs, and demanded money, stating "I'm hyped up. Don't make me kill you." After taking the money, defen-

dant again threatened to kill the victim if he called the police. Contrary to defendant's contentions, the victim is not required to make an objective assessment of defendant's ability to carry out the threat. Moreover, an express threat to kill, even if uttered in a "normal conversational tone", is sufficient to support a robbery conviction.

The trial court did not fail "to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). There were minor contradictions and inconsistencies in the People's case, but it was reasonable for the court to deem them relatively insignificant in the context of the generally strong case against defendant.

There was no *Brady* violation. The prosecution's duty to disclose arises only with respect to exculpatory information "in its possession" *(People v Vilardi,* 76 NY2d 67, 73, citing *Brady v Maryland,* 373 US 83; *see, People v Cwikla,* 46 NY2d 434, 441; CPL 240.45 [1] [b]). Inasmuch as the People were unaware of the record of the witness' conviction before or at the time of trial, their failure to disclose it did not violate *Brady (Brady v Maryland, supra).* (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ.