■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN LAWRENCE, Appellant. [617 NYS2d 769] —Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered July 9, 1992, convicting defendant, upon a jury's verdict, of murder in the second degree (felony murder), manslaughter in the second degree (recklessly causing the death of another) and robbery in the third degree and sentencing him to concurrent terms of 24 years to life, 6 to 12 years and 3 to 6 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the defendant's conduct in unlocking the

safety gate between subway cars prior to snatching the victim's purse and then escaping by jumping to the platform from the moving train was a sufficiently direct cause of the victim's death. The victim pursued the defendant to recover her purse but fell between the train and platform resulting in her death. The victim's pursuit and attempt to get back her property under these circumstances made her death clearly foreseeable and reasonably related to the acts of the defendant *(see, People v Matos,* 83 NY2d 509).

Moreover, "[w]e are not persuaded that defendant engaged in a nonphysical, unobtrusive, snatching" of the victim's purse *(People v Rivera,* 160 AD2d 419, *lv denied* 76 NY2d 795). Viewing the evidence in the light most favorable to the People, as we must, there was sufficient evidence for the jury to find a forcible taking based on the eyewitness description of the manner in which the victim held her purse and the defendant's statements following arrest. These included a reenactment of the crime by the defendant in a videotaped statement, in which he clearly demonstrates that he forcibly took the bag.

Further, it is now clear that a defendant's right to be present at sidebar discussions, whether the subject is specific or general bias, is prospective only from the date of the decision in *People v Antommarchi* (80 NY2d 247), October 27, 1992 *(People v Sprowal,* 84 NY2d 113). Here, the voir dire took place prior to that date.

Finally, we find the police conduct in seizing the defendant and then arresting him for possession of the stolen property to be reasonable, under the circumstances as testified to by the officers *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018), bearing in mind that the determination of a hearing court must be accorded much weight *(People v Prochilo,* 41 NY2d 759, 761). Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.