■ The People of the State of New York, Respondent, v Julio Clark, Appellant. [644 NYS2d 236]

Defendant's claim that he was denied his right to be present at sidebar conferences during voir dire of the jury is without merit because "a defendant's right to be present at sidebar discussions, whether the subject is specific or general bias, is prospective only from the date of the decision in *People v Antommarchi* (80 NY2d 247), October 27, 1992" (*People v Lawrence*, 209 AD2d 165, 166, *lv denied* 84 NY2d 1034; *see also*, *People v Camacho*, 209 AD2d 166, *lv denied* 84 NY2d 1029). The voir dire in the instant case took place prior to that date.

Defendant's claim that the prosecutor committed reversible error by not revealing a disorderly conduct conviction of one of the People's witnesses is without merit since that conviction, being a violation, was sealed (CPL 160.55 [1] [c]), and, therefore, the prosecutor's inquiries addressed to the National Criminal Information Center and the New York State Identification Division did not reveal such conviction. Even were we to conclude that CPL 240.45 (1) (b) applies to convictions for violations, an issue we do not reach, that provision only requires that the prosecutor make available to the defendant a record of a judgment of conviction "if the record of conviction is known by the prosecutor to exist". Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.