■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM BROWN, Also Known as CALVIN BLACK, Appellant. [653 NYS2d 301] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 25, 1994, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 10 years to life and 2 to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant was charged with robbery in the second degree pursuant to Penal Law § 160.10 (2) (a), which provides that a person is guilty of that

crime when he forcibly steals property and, "[i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * * (a) [c]auses physical injury to any person who is not a participant in the crime." The evidence amply established that the person who pushed the complainant was helping defendant to escape, and therefore the complainant was injured by "another participant in the crime" (see, People v Amador, 227 AD2d 186, lv denied 88 NY2d 980; Matter of Caesar O., 227 AD2d 103).

The evidence was also sufficient to show that the ultimate harm (a fall while chasing defendant) was "something which should have been foreseen as being reasonably related to the acts of the accused" (People v Kibbe, 35 NY2d 407, 412; People v Lawrence, 209 AD2d 165, lv denied 84 NY2d 1034). Therefore, defendant was also guilty under the alternate theory that he personally caused the injury.

The trial court's limitation of defense counsel's cross-examination of the complainant regarding his omission of certain noncritical facts when he related the circumstances of the robbery to investigating officers was not error. "[A] witness may not be impeached simply by showing that he omitted to state a fact, or to state it more fully at a prior time. It need also be shown that at the prior time the witness' attention was called to the matter and that he was specifically asked about the facts embraced in the question propounded at trial." (People v Bornholdt, 33 NY2d 75, 88, cert denied sub nom. Victory v New York, 416 US 905; see, People v Epps, 190 AD2d 630, 631, lv denied 81 NY2d 1013.)

We have considered defendant's argument alleging error in the court's charge to the jury and find it to be without merit (see, People v Coleman, 70 NY2d 817). Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.