OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant appeals from an order of the Appellate Division which affirmed a judgment of conviction for reckless endangerment in the first degree (Penal Law § 120.25), criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). During the cross-examination of one of the People’s witnesses, it was discovered that the witness had been previously convicted of disorderly conduct as a result of an assault upon his wife. The trial prosecutor was unaware of the conviction. The court granted a brief recess and provided defense counsel with an opportunity to examine materials concerning the facts of the incident. Defendant’s attorney then pursued the matter further on cross-examination. Defendant contends that he is entitled to a new trial because the information should have been provided to defense counsel by the prosecutor pursuant to CPL 240.45 (1) (b). We need not determine the scope of the obligation imposed by the statute on the prosecutor, however, for defendant would not be entitled to a new trial in any event. Defendant was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People’s witnesses”
 
 (see, People v Cortijo,
 
 70
 
 *829
 
 NY2d 868, 870). Defendant’s remaining contentions are unpreserved.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.