■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN MOORE, Appellant. [666 NYS2d 231] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered July 6, 1995 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

An indictment charged defendant with two counts of criminal sale of a controlled substance in the third degree, alleged

to have been committed in the City of Albany on January 21, 1994 and January 26, 1994. At trial, the People presented evidence that on those dates, a confidential informant made controlled buys of heroin from defendant. In each case, the informant wore a body wire and radio transmitter and the events were monitored by police officers who observed the parties or listened to the transmitted sounds. In addition, the police made audiotapes of the radio transmissions, which were played for the jury. Following trial, the jury convicted defendant of a single count of criminal sale of a controlled substance in the third degree in connection with the January 21, 1994 transaction. Following the denial of defendant's posttrial motions to dismiss and to set aside the verdict, Supreme Court sentenced defendant as a second felony offender to a prison term of 12½ to 25 years. Defendant appeals.

We affirm. Initially, we reject the contention that the People's violation of CPL 240.45 (1) (b) deprived defendant of a fair trial. It is undisputed that, prior to the People's opening statement, they provided defendant with a tabular list of the informant's prior convictions, setting forth in each case the date of conviction, the county in which the judgment of conviction was entered and the offense for which he was convicted. We are not convinced that the list so furnished to defendant did not constitute "[a] record of judgment of conviction" within the purview of CPL 240.45 (1) (b) or that the People were necessarily required to furnish a "rap sheet" or certificates of conviction (*cf., People v Clark*, 194 AD2d 868, 869, *lv denied* 82 NY2d 752). In any event, it is clear from the record that defendant had an ample opportunity to cross-examine the informant concerning his prior convictions. Under the circumstances, we conclude that defendant was not prejudiced (*see, id.; People v Torres*, 103 AD2d 972).

Next, we reject the contention that defendant was prejudiced by the People's failure to turn over *Brady* material. To the contrary, we agree with the People that the record before us reveals the existence of no undisclosed exculpatory material. Defendant offers nothing more than speculation that the informant's testimony was induced by some concealed plea bargain or promise of leniency. Further, although the record provides some support for defendant's assertion that Albany Police Investigator Anthony Ryan was unable to positively identify defendant's voice on the tapes of the radio transmissions, we agree with Supreme Court's determination that such evidence did not constitute *Brady* material for it was not exculpatory. Obviously, any number of factors, including the

over-all quality of the recording, the existence of background noises and Ryan's familiarity with the informant's voice, as opposed to his appearance, would impact on Ryan's ability to identify defendant's voice. It should also be noted that Ryan was utilized in the police operation solely because of his ability to "eyeball" defendant, and he limited his trial testimony to his visual observations.

Defendant's remaining contentions are also unavailing. The very brief testimony concerning a third person, identified merely as "Red", whose voice was heard on one of the tapes was necessary to explain that individual's role and to negate any suggestion that he was the actual drug dealer. As such, we conclude that the testimony was properly received as "'explanatory of the acts done * * * in the otherwise admissible part of the evidence'" (*People v Civitello*, 152 AD2d 812, 813, *lv denied* 74 NY2d 947, quoting *People v Ventimiglia*, 52 NY2d 350, 361). We also conclude that Supreme Court did not abuse its discretion in its *Sandoval* and *Ventimiglia* rulings. In fact, its exclusion of any reference to a number of defendant's prior crimes and bad acts strikes us as very favorable to defendant. We conclude that in each case Supreme Court appropriately balanced the probative value of the conviction or bad act against the possible prejudice to defendant (*see, People v Strauss*, 238 AD2d 721), and that its determinations were proper in all respects (*see, People v Mahan*, 195 AD2d 881, 883-884).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.