■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL QUINONES, Appellant. [675 NYS2d 61] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered December 9, 1993, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, robbery in the first degree and two counts of criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 25 years to life on the murder conviction, $8^{1}/_{3}$ to 25 years on the robbery conviction and $12^{1}/_{2}$ to 25 years on one of the weapon use convictions, to run consecutively to concurrent terms of $8^{1}/_{3}$ to 25 years on the attempted murder conviction and $12^{1}/_{2}$ to 25 years on the other weapon use conviction, and order, same court and Justice, entered on or about July 11, 1996, denying defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant is not entitled to a new trial pursuant to *Brady v Maryland* (373 US 83) since there is no reasonable possibility that disclosure of potential impeachment material contained in the eyewitness's Grand Jury testimony in an unrelated case, which material was constructively possessed by the prosecutor, could have affected the verdict herein (*see, People v Vilardi*, 76 NY2d 67). Even if the eyewitness's various unlawful acts committed at the age of 13, for which he was in no actual danger of prosecution and for which he accordingly received no express or implied promises of leniency, had been disclosed and defendant had cross-examined the witness about them, there was no reasonable possibility that defendant would have been acquitted. The surviving victim unhesitatingly identified defendant at trial. Although the victim made a misidentification at a lineup that included defendant, that error was explained by

evidence that defendant's appearance had changed between the time of the incident and the lineup. While the undisclosed information might have impeached the general character of the eyewitness, it would not have served to discredit his independent identification testimony in this case. We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.