■ In the Matter of CHRISTOPHER R., a Person Alleged to be a Juvenile Delinquent, Appellant. [683 NYS2d 80] —Order of disposition, Family Court, Bronx County (Cira Martinez, J.), entered on or about November 20, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts, which if committed by an adult, would constitute the crimes of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, and criminal mischief in the fourth degree, and placed appellant with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Appellant's motion to suppress was properly denied. The information set forth in the anonymous tip was sufficiently specific and accurate as to the description of the car found at the specified location, as well as its occupants, to provide the officers with reasonable suspicion to stop the car and investigate (*see, People v Benjamin*, 51 NY2d 267). Concur—Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS SAMUELS, Appellant. [684 NYS2d 191] —Order, Supreme Court, Bronx County (John Byrne, J.), entered June 25, 1997, which denied defendant's motion made pursuant to CPL 440.10 to vacate a judgment of the same court (Joseph Mazur, J.), rendered September 30, 1994, unanimously affirmed.

The motion to vacate was properly denied. The information regarding the complaining witness's prior arrest for a misdemeanor was unknown to the prosecution, and since the prosecution's lack of knowledge was the result of the witness's use of an alias and possession of two NYSID numbers, knowledge of the prior arrest should not be imputed to the prosecution (*see, People v Clark*, 228 AD2d 326, *lv denied* 89 NY2d 863; *People v Santiago*, 138 AD2d 327, 329). In any event, had the underlying facts of the witness's relatively minor arrest (complaint dismissed) been disclosed, there was no reasonable possibility that a different verdict would have resulted (*see, People v Quinones*, 251 AD2d 270, *lv denied* 92 NY2d 929). Concur—Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.