■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL INGRAHAM, Appellant. [711 NYS2d 863] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 16, 1996, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the third degree.

On the evening of May 5, 1995, defendant and Scott Smith (hereinafter the victim) were patronizing a local bar in the Village of Endicott, Broome County, when they had an argument over the victim's inadvertent physical contact with defendant's girlfriend. Following this incident, which was broken up by the bar owner, defendant left and returned shortly thereafter in an agitated state. Defendant then instigated a second altercation wherein he threatened to kill and/or cut the victim and proceeded to inflict two superficial stab wounds to the victim's chest and a deep wound to his left arm. Several people witnessed the incident and heard defendant's threats. One patron specifically testified that she observed what appeared to be a knife during the fight.

Although admitting that a fight erupted at the bar, the defense theory at trial was that defendant did not intend to kill the victim, that defendant did not possess a knife and that the cuts sustained by the victim were the result of his coming into contact with broken glass on the bar. The jury obviously

disagreed, finding defendant guilty of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the third degree as a result of this incident. Following an unsuccessful motion to set aside the verdict pursuant to CPL 330.30, defendant was sentenced as a second felony offender to concurrent prison terms of 10 to 20 years on the attempted murder conviction and 3 to 6 years on each of the remaining convictions.

We reject the sole contention advanced by defendant on appeal, namely, that his convictions should be reversed on the ground that the prosecutor failed to comply with the mandates of CPL 240.45 (1) (b) and *Brady v Maryland* (373 US 83) by failing to turn over information that the victim had a prior misdemeanor conviction for aggravated unlicensed operation of a motor vehicle in the second degree. Insofar as CPL 240.45 (1) (b) is implicated, we note that the statute only requires that a prosecutor disclose a record of a judgment of conviction of a prosecution witness "if the record of conviction is known by the prosecutor to exist" (CPL 240.45 [1] [b]; *see, People v Sanchez*, 257 AD2d 451, *lv denied* 93 NY2d 878; *People v Clark*, 228 AD2d 326, *lv denied* 89 NY2d 863; *People v Hilton*, 210 AD2d 180, *lv denied* 85 NY2d 939; *People v Clark*, 194 AD2d 868, *lv denied* 82 NY2d 752). Here, it was established that the prosecutor did not know about the victim's misdemeanor conviction either prior to or during the trial; thus, no violation of the statute has been established (*see, People v Hernandez*, 210 AD2d 535, 536, *lv denied* 84 NY2d 1032).

For these same reasons, there was no *Brady* violation since the duty to disclose exculpatory material arises only with respect to information in the People's possession (*see, People v Forbes*, 190 AD2d 1005, 1006, *lv denied* 81 NY2d 970). As aptly noted in *People v Forbes*, "[i]nasmuch as the People were unaware of the record of the witness' conviction before or at the time of trial, their failure to disclose it did not violate *Brady*" (*id.*, at 1006). In any event, upon our review of the record, which demonstrates overwhelming proof of defendant's guilt, we find that there is no reasonable possibility that this error contributed to the verdict (*see, People v Pressley*, 91 NY2d 825, 827; *see also, People v Robinson*, 267 AD2d 981; *People v Samuels*, 257 AD2d 401; *People v Hernandez, supra*). The proof included disinterested eyewitnesses who testified that defendant assaulted the victim after threatening to kill him. One witness specifically observed what appeared to be a knife in the course of the brawl. Moreover, there was medical testimony that the injuries inflicted were consistent with the victim hav-

ing been stabbed with a knife or other sharp instrument and were unlikely to have been caused by his falling onto glass.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.