■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ST. LOUIS, Appellant. [797 NYS2d 652]—

Spain, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered March 8, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

Defendant was charged with selling cocaine to a confidential informant during police monitored controlled buys on two days in April 2002. Acknowledging that he was a participant in the drug transactions, defendant claimed that the informant had sold the drugs to him. Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree. He now appeals.

We affirm. We are not persuaded by defendant's contention that County Court erred by denying his request to introduce evidence that the informant had previously engaged in drug selling. Generally, a party may be precluded from introducing extrinsic evidence of collateral matters when the sole purpose of offering such evidence is to impeach credibility (*see People v Blanchard*, 279 AD2d 808, 811 [2001], *lv denied* 96 NY2d 826 [2001]; *see also Badr v Hogan*, 75 NY2d 629, 635 [1990]; *People v Alvino*, 71 NY2d 233, 247 [1987]), but not "where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" (*People v Knight*, 80 NY2d 845, 847 [1992]; *see People v Mink*, 267 AD2d 501, 503 [1999], *lv denied* 94 NY2d 950 [2000]).

Here, the central issue at trial was whether defendant had possessed and sold cocaine to the informant, as charged, or whether the informant had been the seller. The defense theory was that the informant was an active drug dealer and had sold

him cocaine during both of these closely monitored controlled buys. At trial, defense counsel extensively cross-examined the informant with regard to any drug activity in which he had been involved in the past, including a specific 2001 drug deal that had been disclosed by the prosecutor pursuant to the dictates of *Brady*. During cross-examination, the informant offered a blanket denial concerning any involvement as a cocaine dealer. In response, defendant sought to call witnesses to testify that on previous occasions the informant had, in fact, sold or offered to sell cocaine to others. County Court denied the request, finding the testimony was being offered solely to impeach the informant's testimony, and that it had no direct bearing on whether defendant's role in these controlled buys was as purchaser or seller. We discern no error, agreeing that the testimony was collateral, and the court's decision to reject it was a proper exercise of discretion (*see People v Blanchard, supra* at 811).

Nor do we find merit in defendant's contention raised in his CPL article 330 motion that he was deprived of a fair trial as a result of a *Brady* violation. Specifically, defendant claims that the prosecutor neglected to disclose information that the informant had been implicated as a drug dealer by an attorney representing another suspect charged under an unrelated indictment. The prosecutor denied having any information concerning the informant's drug activity beyond the disclosed incident, utilized on cross-examination of the informant. Crediting the prosecutor's response, County Court found that there had not been a *Brady* violation, and we agree (*see People v Ingraham,* 274 AD2d 828, 829 [2000]). In any event, as defendant has not shown how additional information concerning alleged, tangential drug transactions would have had a reasonable probability* of changing the results of his conviction, his claim that he was denied a fair trial due to a *Brady* violation lacks merit (*see People v Monroe,* 17 AD3d 863, 864 [2005]).

Similarly, we reject defendant's contention that he was deprived of a fair trial as a result of juror misconduct. Pursuant to CPL 330.30 (2), a trial court may set aside a jury verdict based upon a finding that the improper conduct of a juror "affected a substantial right of the defendant" (*see People v Browne,* 307 AD2d 645, 646 [2003], *lv denied* 1 NY3d 539 [2003]; *see*

---

* Due to the fact that defendant did not make a specific request for this information, the governing standard is "reasonable probability," rather than "reasonable possibility" (*see People v Bryce,* 88 NY2d 124, 128 [1996]; *People v Peralta,* 225 AD2d 50, 53 [1996], *lv denied* 89 NY2d 945 [1997]; *People v Janota,* 181 AD2d 932, 934-935 [1992]).

*also People v Clark,* 81 NY2d 913, 914 [1993]). First, defendant contends that while one venireperson claimed not to have known defendant, in fact he had met defendant on at least one occasion and was familiar with defendant's prior drug-related conviction, the details of which had been precluded as part of a *Sandoval* compromise. Second, defendant claims that certain members of the jury discussed his conviction, suggesting that other jurors also possessed information outside the record (*see People v Maragh,* 94 NY2d 569, 573 [2000]; *People v Brown,* 48 NY2d 388, 393 [1979]; *see e.g. People v Robinson,* 1 AD3d 985, 986 [2003], *lv denied* 1 NY3d 633 [2004]). Finally, defendant claims that the jury was subjected to an outside influence when jurors, while having lunch at a local restaurant, were approached by a third party and told that defendant was a "two-time loser" (*see People v Camacho [Macho],* 293 AD2d 876, 876-877 [2002], *lvs denied* 98 NY2d 729, 731 [2002]).

Here, County Court held a hearing on defendant's motion and conducted an inquiry of each of the jurors as to whether they knew defendant before trial or had heard any comments concerning his criminal history from other jurors or outsiders; all of the jurors affirmatively stated that their verdict was based solely upon the evidence adduced at trial. According County Court great deference, as we must in cases involving juror misconduct, it cannot be said that it was an abuse of discretion to deny defendant's motion (*see People v Fogarty,* 12 AD3d 854, 857 [2004], *lv denied* 4 NY3d 763 [2005]; *People v Martin,* 177 AD2d 715, 716 [1991], *lv denied* 79 NY2d 921 [1992]).

Finally, defendant's contention that his sentence was harsh and excessive is unpersuasive. Defendant, a second felony offender whose previous felony conviction involved drugs, was sentenced to concurrent prison terms of 10 to 20 years on the sale counts. The sentence was less than the maximum permissible sentence and defendant cites no extraordinary circumstances warranting intervention by this Court (*see People v Tirado,* 19 AD3d 712, 714 [2005]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).