■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH W. GRIFFIN, Appellant. [851 NYS2d 718]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered November 7, 2005, upon a verdict convicting defendant of the crimes of kidnapping in the second degree and coercion in the first degree, and (2) by permission, from an order of said court, entered March 27, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In May 2004, defendant entered the victim's apartment armed with a baseball bat, demanded money for drugs that were stolen during a botched drug deal at the apartment, and then grabbed

the victim by the shirt, forcing her outside and into a waiting vehicle. The victim testified that defendant threatened to kill her if he did not get his money. As the vehicle pulled away, the victim's young daughter called 911, told the dispatcher that her mother had been abducted, and described the vehicle. Shortly thereafter, police stopped the vehicle and arrested defendant and his accomplices.

Defendant was thereafter charged in an indictment with a number of crimes and, following a jury trial, found guilty of kidnapping in the second degree and coercion in the first degree. County Court denied his motion to set aside the verdict and thereafter sentenced defendant, as a second felony offender, to an aggregate term of 25 years in prison. The court also denied, without a hearing, defendant's CPL 440.10 motion seeking to vacate his judgment of conviction. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

Initially, we reject defendant's argument that the People's failure to disclose three witnesses' "rap sheets" pursuant to defendant's generalized request constituted a *Brady* violation warranting a reversal. Beyond convictions disclosed during cross-examination, defendant provides no evidence of the existence of any additional convictions that would be listed in the rap sheets. Moreover, the People contend that they provided all known convictions contained in the computerized records of the Broome County District Attorney's office, as well as any additional information provided by the witnesses themselves. Thus, as the People assert, defendant's reliance on CPL 240.45 (1) (b), which requires disclosure of *known* records of judgments of conviction, is misplaced. Indeed, CPL 240.45 (1) provides on its face that it "shall not be construed to require the prosecutor to fingerprint a witness or otherwise cause the division of criminal justice services or other law enforcement agency or court to issue a report concerning a witness" and, thus, the People adequately complied with their disclosure obligations herein (*see People v Graham*, 289 AD2d 417, 418 [2001], *lv denied* 97 NY2d 754 [2002]; *People v Ingraham*, 274 AD2d 828, 829 [2000]; *People v Williams*, 251 AD2d 266, 267 [1998], *lv denied* 92 NY2d 1040 [1998]; *see also People v Moore*, 244 AD2d 776, 777 [1997], *lv denied* 91 NY2d 975 [1998]; *cf. People v Graham*, 283 AD2d 885, 888 [2001], *lv denied* 96 NY2d 940 [2001]).

In any event, the People's failure to disclose *Brady* material in response to a generalized request will result in reversal only if there is a reasonable probability that disclosure would have affected the result at trial (*see People v Bryce*, 88 NY2d 124, 128

[1996]; *People v St. Louis*, 20 AD3d 592, 594 n [2005], *lv denied* 5 NY3d 856 [2005]). A review of the record here reveals that defendant cross-examined one of the witnesses, James Barnes, on the very conviction of which he claims to have lacked notice. In addition, the testimony of the victim and the remaining witness was largely cumulative with respect to the charges on which defendant was found guilty. Therefore, even assuming that the rap sheets would disclose additional convictions as defendant asserts, we conclude that there is no reasonable probability that the verdict would have been more favorable to defendant had any such convictions been disclosed (*see People v Ingraham*, 274 AD2d at 829-830; *People v Yusufi*, 247 AD2d 648, 650 [1998], *lv denied* 92 NY2d 863 [1998]; *People v Moore*, 244 AD2d at 777; *see also People v Pressley*, 91 NY2d 825, 827 [1997]).

Turning to the arguments on defendant's appeal from the denial of his CPL 440.10 motion, we similarly reject his claim that an additional *Brady* violation occurred when the People failed to disclose a plea bargain with one of their witnesses. While evidence of a promise of leniency in exchange for favorable testimony constitutes *Brady* material (*People v Steadman*, 82 NY2d 1, 7 [1993]), the People disclosed both the existence of a prior plea agreement with the witness and that the deal was no longer in effect at the time of trial because the witness had absconded. Contrary to defendant's assertions, the fact that County Court, in its discretion, imposed a sentence that was similar to that called for by the plea agreement does not demonstrate either prosecutorial misconduct or concealment of an additional arrangement. Finally, there is no merit to defendant's assertion that he was denied the effective assistance of counsel due to counsel's failure to adequately advise him regarding the jury charge.

Defendant's remaining arguments raised on the CPL 440.10 motion rest on facts appearing in the record and, thus, should have been raised on direct appeal (*see* CPL 440.10 [2] [b]; *People v Mullings*, 23 AD3d 756, 759 [2005], *lv denied* 6 NY3d 756 [2005]). His argument on direct appeal that his sentence was harsh and excessive is meritless.

Peters, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment and order are affirmed.