Peters, P.J.
 

 Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 24, 2014, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree (two counts).
 

 In January 2013, defendant sold cocaine to a confidential informant (hereinafter Cl) during two controlled buys. Police thereafter obtained and executed a search warrant for defendant’s residence, where they discovered, among other things, significant quantities of cocaine and weapons. As a result, defendant was charged in a 20-count indictment with various crimes stemming from both the two controlled buys and the search of his residence. County Court granted defendant’s motion to suppress the evidence seized from his residence, concluding that the warrant was not grounded upon probable cause, and dismissed the counts of the indictment stemming from the search. Following a jury trial on the remaining charges, defendant was convicted of two counts each of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. County Court denied defendant’s subsequent motion to set aside the verdict and sentenced him, as a second felony offender, to an aggregate prison term of six years followed by three years of postrelease supervision. Defendant appeals.
 

 Given that County Court invalidated the search warrant on probable cause grounds and suppressed all evidence obtained as a result thereof, defendant’s argument that he was entitled to an Alfinito/Franks hearing to test the sufficiency of the aver-ments on which the warrant was based is moot (cf. People v Coleman, 134 AD3d 1555, 1557 [2015], lv denied 27 NY3d 963 [2016]; People v Kyser, 284 AD2d 1017, 1018 [2001]). To the extent that defendant asserts that County Court erred in not dismissing the counts related to the two controlled buys upon its conclusion that the search warrant was invalid, we find such claim to be devoid of merit. It is axiomatic that the exclusionary rule precludes “only evidence which is the ‘fruit of the poisonous tree’ ” (People v Arnau, 58 NY2d 27, 32 [1982] [citation omitted], cert denied 468 US 1217 [1984]; see Wong Sun v United States, 371 US 471, 485 [1963]). In other words, “[t]he exclusionary rule enjoins the [g]overnment from benefiting from evidence it has unlawfully obtained; it does not reach backward to taint information that was in official hands prior to any illegality” (United States v Crews, 445 US 463, 475 [1980]). Here, the evidence supporting the counts of the indictment related to the two controlled buys that occurred on January 3 and 8, 2013 was independently obtained prior to the execution of the defective warrant on January 16, 2013. Thus, by definition, such evidence was not “come at by exploitation of that illegality” (People v Arnau, 58 NY2d at 32 [internal quotation marks and citations omitted]; see People v Johnson, 102 AD2d 616, 626 [1984], lv denied 63 NY2d 776 [1984]). As the charges pertaining to the two controlled buys were supported by evidence that was not subject to suppression as a product of the unlawful warrant, County Court properly declined to dismiss them.
 

 Defendant’s contention that the People committed a Brady violation by failing to timely disclose impeachment information regarding the CI is unpreserved for our review (see People v Ennis, 11 NY3d 403, 414 n 2 [2008], cert denied 556 US 1240 [2009]; People v Stacconi, 151 AD3d 1395, 1397 [2017]; People v Hotaling, 135 AD3d 1171, 1172 [2016]) and, in any event, without merit. “Untimely or delayed disclosure will not prejudice a defendant or deprive him or her of a fair trial where the defense is provided with a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People’s witnesses or as evidence during his or her case” (People v Carter, 131 AD3d 717, 718-719 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 1007 [2015]; see People v Osborne, 91 NY2d 827, 828-829 [1997]; People v Serrano, 99 AD3d 1105, 1106 [2012], lv denied 20 NY3d 1014 [2013]). On the eve of trial, the prosecutor disclosed that the CI had attempted to keep some of the money provided to him by the police and drugs that he purchased from defendant, and that a second recording of the first controlled buy existed wherein defendant can be heard sniffing cocaine. Defendant did not request additional time to prepare for trial in light of these disclosures. At trial, the defense highlighted these facts during opening statements and repeatedly used the information during cross-examination to challenge the credibility of various witnesses, including, most notably, the CI and the lead detective on the case (see People v Bayard, 15 NY3d 896, 898 [2010]; People v Brown, 67 NY2d 555, 559 [1986], cert denied 479 US 1093 [1987]; People v Muniz, 93 AD3d 871, 876 [2012], lv denied 19 NY3d 965 [2012]). Inasmuch as defendant had a meaningful opportunity to review the Brady materials and use them in his defense, we would find that he was not prejudiced by their delayed disclosure (see People v Osborne, 91 NY2d at 828-829; People v Carter, 131 AD3d at 720; People v Muniz, 93 AD3d at 876).
 

 We find no merit to defendant’s claim that the People failed to establish a proper chain of custody for the cocaine purchased during the controlled buys. The detailed testimony offered by the Cl and detectives — who searched the Cl before and after the controlled buys, listened to the transactions through an audio device and observed the Cl return from defendant’s residence and turn over the cocaine — as well as that of the relevant law enforcement officials regarding the collection, securing and testing of the cocaine at issue, provided “ ‘the necessary reasonable assurances of the identity and unchanged condition of the drugs to authenticate that evidence’ ” (People v Carter, 131 AD3d at 723, quoting People v Danford, 88 AD3d 1064, 1067 [2011], lv denied 18 NY3d 882 [2012]; see People v Gilmore, 72 AD3d 1191, 1192-1193 [2010]). Contrary to defendant’s contention, the fact that the CI admittedly skimmed some of the cocaine that he had purchased from defendant before handing it over to the police does not establish “a material and prejudicial change in the condition or nature of the [cocaine]” sufficient to render such evidence inadmissible (People v Julian, 41 NY2d 340, 344 [1977]; cf. People v Shoga, 89 AD3d 1225, 1226-1227 [2011], lv denied 18 NY3d 886 [2012]). To the contrary, the trial testimony provided a reasonable assurance that the items sold by defendant were the same items as those subsequently analyzed by the police, and any deficiencies in the chain of custody relate to the weight to be accorded the evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Carter, 131 AD3d at 723; People v Brock, 107 AD3d 1025, 1027 [2013], lv denied 21 NY3d 1072 [2013]; People v Valderama, 25 AD3d 819, 820 [2006], lv denied 6 NY3d 854 [2006]). Defendant’s remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be without merit.
 

 Egan Jr., Devine, Mulvey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.