People v Miller (2018 NY Slip Op 01356)





People v Miller


2018 NY Slip Op 01356


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

107228

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEFFREY MILLER, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


William T. Morrison, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Albany County (Lynch, J.), entered November 18, 2014, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crime of criminal sexual act in the first degree (three counts) and to set aside the sentence, without a hearing.
Defendant was indicted on charges of rape in the first degree (two counts) and criminal sexual act in the first degree (four counts) upon allegations that he solicited sex for money from the victim and then took her to a secluded area in the City of Albany, where he physically forced her to engage in various sexual acts. Following a jury trial, he was convicted of three counts of criminal sexual act in the first degree, but acquitted
of the remaining counts. He was sentenced, as a second violent felony offender, to an aggregate prison term of 25 years followed by a period of postrelease supervision. Upon appeal, this Court affirmed defendant's judgment of conviction (112 AD3d 1061, 1064 [2013], lv denied 23 NY3d 1040 [2014]). Thereafter, defendant moved pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence [FN1]. After oral argument on the motion, County Court denied it without a hearing. With permission of this Court, defendant now appeals, [*2]and we affirm.
Defendant challenges the integrity of the grand jury proceedings by arguing that the victim gave perjured testimony. In support of such assertion, defendant points to inconsistencies between the victim's grand jury testimony and her trial testimony with respect to the duration of the alleged rape. Moreover, he notes that a receipt from a convenience store was found in his pocket upon his arrest that included a time stamp contradicting the victim's grand jury testimony that the alleged rape lasted for approximately two hours. As defendant notes in his brief, these facts were referenced by the parties at trial while discussing a jury note and, accordingly, plainly appear on the record. Inasmuch as the record permitted adequate review of this issue, it should have been raised on direct appeal, precluding relief under CPL article 440 (see CPL 440.10 [2] [c]; People v Monteiro, 149 AD3d 1155, 1156 [2017]; People v DePerno, 148 AD3d 1463, 1465 [2017], lv denied 29 NY3d 1030 [2017]). We therefore decline to address it.
Defendant also contends that the People committed two Brady violations in failing to disclose certain impeachment material. His first Brady claim is based upon the People's untimely disclosure of the victim's grand jury testimony "on the eve of trial" and their failure to disclose the store receipt. Defendant reveals, however, that he received the grand jury testimony shortly before trial and that the receipt was in his pocket upon his arrest. Therefore, "he could have created a sufficient record to enable him to raise this issue on direct appeal," precluding CPL article 440 relief (People v Rodriguez, 201 AD2d 683, 683 [1994], lv denied 83 NY2d 914 [1994]; see CPL 440.10 [3] [a]). Moreover, the claim is unavailing (see People v Cortijo, 70 NY2d 868, 870 [1987]; People v Jordan, 154 AD3d 1176, 1177-1178 [2017]; People v Carter, 131 AD3d 717, 720 n 1 [2015], lv denied 26 NY3d 1007 [2015]). The second Brady claim is premised upon the People's failure to disclose inconsistencies in the victim's statements to police in an unrelated murder trial in which she served as a prosecution witness. Even assuming that the minutes of that trial provided impeachment material that was subject to disclosure under Brady (see generally People v Fisher, 28 NY3d 717, 722 [2017]; People v Auleta, 82 AD3d 1417, 1420 [2011], lv denied 17 NY3d 813 [2011]), the nondisclosure did not amount to a Brady violation. Here, the victim's inconsistencies in a completely unrelated trial had such little impeachment utility that there was not even a reasonable possibility that disclosure would have changed the outcome, particularly where there was independent evidence corroborating aspects of the victim's testimony with respect to the underlying charges (see People v Phillips, 55 AD3d 1145, 1149 [2008], lv denied 11 NY3d 899 [2008]; People v Quinones, 251 AD2d 270, 270 [1998], lv denied 92 NY2d 929 [1998]). Therefore, this alleged Brady claim is also unavailing.
As a final matter, defendant contends that he was illegally sentenced as a second violent felony offender because his 1999 federal conviction of aggravated sexual abuse (see 18 USC § 2241 [a]) does not qualify as a predicate conviction for the purpose of enhanced sentencing. As relevant here, a foreign conviction may be used as a predicate conviction for the purpose of sentencing as a second violent felony offender when it "includes all of the essential elements of [a New York violent] felony . . . for which a sentence to a term of imprisonment in excess of one year or a sentence of death [is] authorized" (Penal Law § 70.04 [1] [b] [i]). In reviewing this claim, we use a "strict equivalency" standard that "examines the elements of the foreign conviction to determine whether the crime corresponds to a New York felony," as well as the "case law of [the] foreign jurisdiction to confirm [its] interpretation of [the] foreign statute" (People v Helms, 30 NY3d 259, 263 [2017] [internal quotation marks and citation omitted]).
As relevant here, a person commits the federal crime of aggravated sexual abuse when he or she, while in the jurisdiction of the United States, "knowingly causes another person to engage in a sexual act — (1) by using force against that other person; or (2) by threatening or [*3]placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping" (18 USC § 2241 [a]). The term "sexual act" means: penetrative contact, however slight, between the penis and vulva or anus; mouth-to-genital or mouth-to-anal contact; penetrative contact "of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person"; or intentional touching of the genitalia of a person under the age of 16 performed "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" (18 USC § 2246 [2]). Unlike federal law — which proscribes different types of sexual conduct under a single statute (see 18 USC § 2241) — New York law criminalizes this same conduct throughout multiple sections of Penal Law article 130.
Contrary to defendant's contention as to the element of force, the elements of 18 USC § 2241 (a) and the Penal Law element of forcible compulsion are sufficiently equivalent. "'Forcible compulsion' means to compel by either: (a) use of physical force; or (b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped" (Penal Law § 130.00 [8]). 18 USC § 2241 (a) criminalizes conduct when a defendant "us[es] force against that other person" or "threat[ens] or plac[es] that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." Therefore, in comparing the elements of force and forcible compulsion as they are respectively defined in the federal and New York penal statutes, the definitions are equivalent (see People v Muniz, 74 NY2d 464, 467-468 [1989]).
Defendant also argues that he could have been convicted of 18 USC § 2241 (a) under circumstances that would only constitute the misdemeanor crime of forcible touching under Penal Law § 130.52. Inasmuch as defendant conceded during sentencing that his foreign conviction constituted a felony, albeit not a violent felony, under New York law, this contention is waived (see generally People v Ross, 7 NY3d 905, 906 [2006]). Notably, all of the Penal Law statutes that encompass the various "sexual acts" included in 18 USC § 2246 (2) and contain the element of forcible compulsion are violent felonies as defined under this state's Penal Law (see Penal Law §§ 70.02 [1]; 130.35, 130.50, 130.65, 130.67, 130.70).
Defendant further contends that 18 USC § 2241 (a) does not pass the strict equivalency test as it does not require proof of a specific criminal intent whereas the analogous Penal Law sections do. To the contrary, the Court of Appeals has unanimously held that general intent is the culpable mental state for the analogous Penal Law crimes of rape and sodomy (see People v Williams, 81 NY2d 303, 318 [1993, Bellacosa, J., dissenting]; see also Penal Law § 15.15 [2])[FN2]. The culpable mental state for 18 USC § 2241 (a) is "knowingly," which "merely requires proof of knowledge of the facts that constitute the offense" (Bryan v United States, 524 US 184, 193 [1998]). The Supreme Court of the United States has held that "'knowledge' corresponds loosely with the concept of general intent" (United States v Bailey, 444 US 394, 405 [1980]). Accordingly, we conclude that 18 USC § 2241 (a) shares essential elements to the analogous Penal Law crimes, all of which are violent felonies. Therefore, defendant's conviction under 18 [*4]USC § 2241 (a) is a predicate conviction for the purpose of adjudication as a second violent felony offender, and the sentence imposed was authorized (see Penal Law § 70.04 [1] [b] [i]; cf. People v Green, 141 AD3d 1036, 1042 [2016], lv denied 28 NY3d 1072 [2016]; compare People v Gibson, 141 AD3d 1009, 1013 [2016]).
Garry, P.J., McCarthy, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although defendant initially moved to dismiss the indictment pursuant to CPL 210.35 (5), County Court granted his subsequent motion to convert it to one seeking relief under CPL 440.10 and 440.20.

Footnote 2: While the analogous Penal Law crimes do not specifically articulate a mens rea requirement, "intent is implicitly an element of these crimes" (People v Williams, 81 NY2d at 316; see Penal Law § 15.15 [2]), and "[t]he intent required is the intent to perform the prohibited act" (People v Williams, 81 NY2d at 316-317).