People v Robbins (2022 NY Slip Op 03549)





People v Robbins


2022 NY Slip Op 03549


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

112436
[*1]The People of the State of New York, Respondent,
v
Jodi Robbins, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Mayersak and Weiss, Ithaca (Madeline E. Weiss of counsel), for appellant.
Matthew Van Houten, District Attorney, Ithaca (Daniel W. Johnson of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered August 12, 2020, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree and harassment in the second degree.
In January 2019, defendant sent menacing text messages to the victim and later confronted her in an aggressive manner outside of Kelly's Dockside, the restaurant in the City of Ithaca, Tompkins County where they both worked. A temporary order of protection was soon issued in favor of the victim. The order of protection remained in effect on June 8, 2019, when defendant appeared at the restaurant while the victim was working. Defendant lingered at the restaurant for several hours despite efforts to remove her and became increasingly belligerent, making rude comments about the victim to both the victim and the victim's customers. The victim eventually stepped outside and called 911 to request assistance. When the victim returned, defendant asked her if she "want[ed] to go," approached her and, according to the victim and two coworkers who witnessed the incident, grabbed the victim by her hair and pulled her backward. Defendant was promptly restrained by the restaurant's owner, while the victim left to call 911 a second time. Responding officers took defendant into custody upon their arrival.
As a result of the June 2019 incident, defendant was charged in a July 2019 indictment with criminal contempt in the first degree and harassment in the second degree. The People declared readiness for trial in July 2019 and voluntarily made disclosure under CPL former article 240, but the trial itself was adjourned from the fall of 2019 to January 6, 2020. On January 1, 2020, the discovery provisions of CPL article 245 and a variety of other criminal justice reforms enacted by the Legislature took effect (see L 2019, ch 59, part LLL, §§ 2, 3). The People questioned whether they had to comply with those provisions, but nevertheless filed a new statement of readiness for trial on January 3, 2020, accompanied by a certification that they had met their disclosure obligations under CPL 245.20 (see CPL 30.30 [5]; 245.50).
At the trial that commenced on January 6, 2020, defendant complained that the People had not, notwithstanding their certification, complied with CPL 245.20 in various respects. The trial proceeded with proof that included testimony from the victim and the two coworkers regarding their accounts of the June 2019 incident. Defendant testified in her own defense and acknowledged that she was at the restaurant, that she had consumed seven or eight alcoholic drinks over the course of the day and that she was harassing the victim, but denied that she had subjected the victim to physical contact (see Penal Law §§ 215.51 [b] [v]; 240.26 [1]). The jury found defendant guilty as charged.
Defendant moved to set aside the jury verdict after learning that one of the coworkers who testified had an out-of-state criminal [*2]record of which neither she nor the People were aware at trial. County Court denied the motion. The court thereafter sentenced defendant, a second felony offender, to a prison term of 1½ to 3 years and directed that she be enrolled in a shock incarceration program. Defendant appeals.
Defendant initially argues that the statement of trial readiness and certificate of compliance filed by the People were invalid because the People did not satisfy their discovery obligations under CPL article 245. Although "the now-abrogated CPL article 240 [applied to] cases commenced prior to the effective date of the new legislation" (People v Sweet, 200 AD3d 1315, 1319 n 3 [2021], lv denied 38 NY3d 930 [2022]), the provisions of CPL article 245 and related reforms to CPL 30.30 and other statutes took effect on January 1, 2020, and "procedural changes are, in the absence of words of exclusion, deemed applicable to subsequent proceedings in pending actions" (Simonson v International Bank, 14 NY2d 281, 289 [1964] [internal quotation marks, emphasis and citation omitted]; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020]; People v McFadden, 189 AD3d 2086, 2087 [2020], lv denied 36 NY3d 1099 [2021]). The relevant provisions of CPL 30.30 and CPL article 245 constituted such changes and, as such, applied to proceedings taken in this matter after January 1, 2020 (see People v Hewitt, 201 AD3d 1041, 1042-1043 [2022], lv denied 38 NY3d 928 [2022]).
CPL 245.20 (1) directs a prosecutor to automatically "disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," then goes on to give specific examples of information and evidence that must be disclosed. A prosecutor's notice of readiness for trial must "be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20" (CPL 30.30 [5], as added by L 2019, ch 59, part KKK, § 1), and "the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate" of compliance (CPL 245.50 [3], as added by L 2019, ch 59, part LLL, § 2). The People stated their readiness for trial and issued a certification of good faith compliance on January 3, 2020. County Court thereafter proceeded, as required, to make an "inquiry on the record as to [the People's] actual readiness" and afford defendant "an opportunity to be heard on the record as to whether the disclosure requirements have been met" (CPL 30.30 [5]; see William C. Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, 2021 Pocket Part at 101; William C. Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 245.10, 2021 Pocket [*3]Part at 28-29).
County Court's inquiry did not, contrary to defendant's contention, reveal that the People failed to meet their disclosure obligations under CPL 245.20. First, although the People did not disclose contact information for the victim's mother and an investigator in the District Attorney's office, disclosure was not required absent any showing that those individuals had relevant evidence or information of which the People were aware (see CPL 245.20 [1] [c], [d]). The People further complied with their obligation to provide information regarding the two coworkers who testified to their observations of the June 2019 incident and, although defendant complained of the timeliness of that disclosure, she was well aware of her coworkers' existence, while the People only learned of that fact in December 2019. The People further complied with their continuing duty to disclose in the midst of trial by alerting defendant to their discovery that one of those coworkers went by a different last name and then conducting a criminal history check using that name (see CPL 245.60). Defendant therefore failed to demonstrate that any disclosure violation had occurred and, by extension, failed to establish either that the People's certificate of readiness was invalid or that any other discovery sanction was warranted (see e.g. People v Brown, 28 NY3d 392, 399-400 [2016]; Matter of People ex rel. LaBrew v Vance, 192 AD3d 645, 645 [2021]).
We are similarly unpersuaded by defendant's claim of a Brady violation. Defendant specifically faults the People's failure to disclose that one of the coworkers had a prior criminal record outside of New York, a fact that defendant uncovered after the jury rendered a verdict and that could have been used to impeach the coworker's credibility on the stand. The People, however, made "a diligent, good faith effort to" discover that record by running a check of the coworker's criminal history after learning that she used a different last name (CPL 245.20 [2]; see CPL 245.20 [1] [k]; 245.55 [1]). The check did not turn up the prior criminal history of the coworker from another state and, "as the People were unaware of the record of the witness'[s] conviction[s] before or at the time of trial, their failure to disclose [those convictions] did not violate Brady" (People v Forbes, 190 AD2d 1005, 1006 [1993], lv denied 81 NY2d 970 [1993]; accord People v Ingraham, 274 AD2d 828, 829 [2000]). Any error was harmless, in any event, as our review of the record reveals "overwhelming proof of defendant's guilt" such "that there is no reasonable possibility that this error contributed to the verdict" (People v Ingraham, 274 AD2d at 828).
County Court also did not, contrary to defendant's assertion, abuse its discretion in denying her motion for a new trial upon the ground of newly discovered evidence. "In order to prevail upon such a motion, it must appear that the newly discovered evidence would not merely impeach or contradict [*4]the proof at trial" (People v Bowers, 4 AD3d 558, 560 [2004], lv denied 2 NY3d 796 [2004]; see People v Hicks, 6 NY3d 737, 739 [2005]; People v Kachadourian, 184 AD3d 1021, 1030 [2020], lv denied 35 NY3d 1113 [2020]). The newly discovered evidence here was the prior criminal history of the coworker, which would have been useful only for impeaching the coworker's credibility as a witness and was therefore not "new evidence of the sort warranting the granting of a new trial" (People v Salemi, 309 NY 208, 221 [1955], cert denied 350 US 950 [1956]).
Although defendant's remaining contentions have been examined and are meritless, we are nevertheless obliged to remit for resentencing. The sentencing transcript reflects that County Court imposed a single sentence upon defendant and "failed to pronounce sentence separately on each of the two counts [of] which [she was convicted], as required by CPL 380.20" (People v Volfson, 69 AD3d 1123, 1125 [2010]; see People v Sturgis, 69 NY2d 816, 817-818 [1987]). As a result, the matter must be remitted so that County Court can pronounce sentence on each count (see People v Disotell, 123 AD3d 1230, 1232 [2014], lv denied 25 NY3d 1162 [2015]; People v Volfson, 69 AD3d at 1125).
Clark, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Tompkins County for resentencing; and, as so modified, affirmed.